Mr. Kenneth C. Jenne, II General Counsel North Broward Hospital District Post Office Box 14723 Fort Lauderdale, Florida 33302
Dear Mr. Jenne:
On behalf of the Board of Commissioners of the North Broward Hospital District, you ask substantially the following question:
Does s. 395.0191(1), F.S., require a hospital licensed under Ch.395, F.S., to consider applications from psychologists licensed under Ch. 490, F.S., for membership on the medical staff of the hospital?
In sum:
A hospital licensed under Ch. 395, F.S., must consider applications of psychologists licensed under Ch. 490, F.S., for staff membership on the medical staff of the district.
The North Broward Hospital District (district) was created by special act as a special taxing district with the power to establish and operate such hospitals as are necessary for the use of the people of the district.[1] According to your letter, the district owns and operates four hospitals in Broward County. While the district has not granted staff membership to psychologists, it does accept applications from and grants clinical privileges to qualified psychologists as "Allied Health Professionals." In light of changes to Ch. 395, F.S., a question has arisen as to whether s. 395.0191(1), F.S., requires the district to place qualified psychologists on its medical staff or whether it may continue to assign them the status of allied health professionals.
Section 395.0191(1), F.S., provides:
No licensed facility, in considering and acting upon an application for staff membership or clinical privileges, shall deny the application of a qualified doctor of medicine licensed under chapter 458, a doctor of osteopathy licensed under chapter 459, a doctor of dentistry licensed under chapter 466, a doctor of podiatry licensed under chapter 461, or a psychologist licensed under chapter 490 for such staff membership or clinical privileges within the scope of his respective licensure solely because the applicant is licensed under any of such chapters.[2] (e.s.)
"Licensed facility" is defined to mean a hospital or ambulatory surgical center licensed in accordance with Ch. 395, F.S.[3]
Section 395.0191(4), F.S., states that nothing therein shall restrict the authority of the medical staff of a licensed facility to review for approval or disapproval all applications for appointment and reappointment to all categories of staff and to make recommendations to the governing board, including the delineation of privileges in each case. The subsection, however, goes on to state:
In making such recommendations and in the delineation of privileges, each applicant shall be considered individually pursuant to criteria . . . for a psychologist licensed under chapter 490 . . . . The applicant's eligibility for staff membership or clinical privileges shall be determined by the applicant's background, experience, health, training, and demonstrated competency; the applicant's adherence to applicable professional ethics; the applicant's reputation; and the applicant's ability to work with others and by such other elements as determined by the governing board, consistent with this part.
The plain language of s. 395.0191(1), F.S., prohibits a licensed facility from denying a psychologist's application for staff membership solely because the applicant is licensed under Ch. 490, F.S. While the statute refers to "staff membership or clinical privileges," such language appears to refer to the application itself. Such language does not, in my opinion, vest the licensed facility, when considering an application for staff membership, with the discretion to grant clinical privileges rather than staff membership solely on the basis of licensure under Ch. 490, F.S. In addition, s. 395.0191(4), F.S., specifies the type of criteria to be utilized in considering the eligibility of an applicant for staff membership.
Where the Legislature has directed how a thing is to be done, that is, in effect, a prohibition against it being done in any other way.[4] Moreover, s. 395.0191(1), F.S., contains an express prohibition against licensed facilities denying staff privileges to psychologists merely because they are psychologists licensed under Ch. 490, F.S.
Therefore, I am of the opinion that a hospital licensed under Ch.395, F.S., must consider applications of psychologists licensed under Ch. 490, F.S., for staff membership of the district.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ch. 27438, 1951 Laws of Florida, as amended.
[2] See, s. 11, Ch. 92-289, Laws of Florida, which amended and renumbered s. 395.011, F.S. (1991), as s. 395.0191, F.S. And see, the former s. 395.011(3)(a), F.S. (1991), as amended by s. 18, Ch. 90-263, Laws of Florida, which prohibited a licensed facility from denying an application for staff membership and clinical privileges submitted by a psychologist licensed and certified under Ch. 490, F.S., solely because he or she was licensed under Ch. 490: "The accordance and delineation of medical staff membership or clinical privileges shall be determined on an individual basis commensurate with an applicant's education, training, experience, and demonstrated clinical competence." See also, Final Staff Analysis on CS/SB 788 (enacted as Ch. 90-263, Laws of Florida), Florida House of Representatives Committee on Regulatory Reform, dated June 7, 1990, stating that the bill amends s. 395.011 (now s. 395.0191) "to allow anyone licensed as a psychologist under chapter 490, Florida Statutes, to have staff membership and clinical privileges in hospitals."
[3] Section 395.002(17), F.S. And see, AGO 73-274 stating that public hospitals were subject to the laws and regulations relative to licensure provided by this chapter.
[4] See, Thayer v. State, 335 So.2d 815 (Fla. 1976); Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944).